IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND MANZANILLO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRANCISCO JACQUEZ, R. GRAVES,<br>R. TUPY, J. ZUCCO, MARK POTTER,<br>ROLF KLOTZ,<br><br>　　　　Defendants.<br>_____ | No. C 10-3783 JSW (PR)<br><br>**ORDER GRANTING EXTENSIONS OF TIME AND MOTION TO SERVE NEW DEFENDANTS; DENYING MOTION FOR PRELIMINARY INJUNCTION OR TEMPORARY RESTRAINING ORDER**<br><br>(Docket Nos. 61, 74, 75, 82) |

Plaintiff, a California prisoner proceeding pro se, filed this rights action pursuant to 42 U.S.C. § 1983 against officials of Pelican Bay State Prison, where Plaintiff is incarcerated.

Plaintiff's motion to serve defendants Greg Lewis and Maureen McLean (docket number 74) is GRANTED.  The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the **amended complaint (docket number 81)** and all attachments thereto, and a copy of this order upon: Defendants **Health Care Manager Maureen McLean and Warden Greg D. Lewis** at **Pelican Bay State Prison**. Defendants McLean and Lewis should notify the Court within 30 days of the date of service whether they want to join in the other defendants' motion for summary judgment or whether they intend to file a separate summary judgment motion.  If they chose the latter course, the provisions of the Order of

Service (docket number 14) of January 7, 2011, govern the filing of such motion.

Plaintiff has filed a motion for a temporary restraining order ("TRO") or a preliminary injunction.  Prior to granting a preliminary injunction, notice to the adverse party is required.  *See* Fed. R. Civ. P. 65(a)(1).  A TRO may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required.  *See* Fed. R. Civ. P. 65(b).  Plaintiff has neither notified the defendants of his request nor submitted the required certification of his efforts to do so and why they have failed.  Accordingly, his motion (docket number 75) is DENIED.

Good cause appearing, defendants' motion for an extension of time (docket number 61) in which to respond to the order to show cause is GRANTED.  Plaintiff's motion for an extension of time (docket number 82) in which to file an opposition to defendants' motion for summary judgment, to and including **November 5, 2011**, is also GRANTED.  No further extensions of time will be granted as plaintiff will have had 90 days in which to prepare his opposition.  Defendants **shall** file a reply brief within **14 days** of the date any opposition is filed.

IT IS SO ORDERED.

DATED: October 17, 2011

JEFFREY S. WHITE
United States District Judge

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RAYMOND MANZANILLO,

    Plaintiff,

v.

FRANCISCO JAQUEZ et al,

    Defendant.

Case Number: CV10-03783 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 17, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Raymond J. Manzanillo
PBSP
P.O. Box 7500
J91574
Crescent City, CA 95532

Dated: October 17, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk